UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRIAN M. ZERKEL,

      Plaintiff,                  Case No. 3:19-cv-274

vs.

COMMISSIONER OF SOCIAL SECURITY,    District Judge Thomas M. Rose
                                      Magistrate Judge Michael J. Newman
      Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

      This is a Social Security disability benefits appeal.  At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB").  Before the Court are Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 7), and the record as a whole.[2]

**I.**

**A.    Procedural History**

      Plaintiff filed for DIB alleging a disability onset date of December 27, 2010.  PageID 230-31.  Plaintiff claims disability as a result of a number of impairments including, *inter alia*, right hand nerve damage, migraine headaches, and a clubbed left foot as well as right thumb and left knee osteoarthritis.  PageID 53.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

After an initial denial of his application, Plaintiff received a hearing before ALJ Stuart Adkins on May 24, 2018.  PageID 69.  The ALJ issued a written decision on July 13, 2018 finding Plaintiff not disabled.  PageID 50-64.  Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there were jobs that existed in significant numbers in the national economy that [he] could have performed" prior to December 31, 2015, his date last insured ("DLI").  *Id.*  The Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the Commissioner's final administrative decision.  PageID 34-36.  *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B.    Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 50-64), Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 11), and Plaintiff's reply (doc. 12).  The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A.    Standard of Review

The Court's inquiry on a Social Security disability appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls."  *Id*. § 404.1567(b).  An individual who can perform light work is presumed also able to perform sedentary work.  *Id*.  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."  *Id*. § 404.1567(a).

742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.    "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations.  20 C.F.R. § 404.1520(a)(4).  Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1.      Has the claimant engaged in substantial gainful activity?;

2.      Does the claimant suffer from one or more severe impairments?;

3.      Do the claimant's severe impairments, alone or in combination, meet or
        equal the criteria of an impairment set forth in the Commissioner's Listing
        of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4.      Considering the claimant's RFC, can he or she perform his or her past
        relevant work?; and

5.      Assuming the claimant can no longer perform his or her past relevant work
        -- and also considering the claimant's age, education, past work experience,
        and RFC -- do significant numbers of other jobs exist in the national
        economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D.

Ohio 2001).  A claimant bears the ultimate burden of establishing disability under the Social

Security Act.  *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff asserts that the ALJ erred: (1) in finding he did not meet or medically

equal the disability requirements of Social Security Listing §§ 1.02 or 1.04; and (2) by rejecting

the opinion of his treating physician, John Crankshaw, M.D.  Doc. 8.  Finding error in the ALJ's

consideration of Listing § 1.02 and the related alleged error concerning the ALJ's analysis of Dr.

Crankshaw's opinion, the undersigned does not address Listing § 1.04 and, instead, directs that

such Listing be considered by the ALJ on remand.

The Listing of Impairments, which are considered at Step Three of the sequential disability

review process, "describes impairments the [Social Security Administration] considers to be

severe enough to prevent an individual from doing any gainful activity, regardless of his or her

age, education, or work experience."  *Rabbers*, 582 F.3d at 653 (*citing* 20 C.F.R. § 404.1525(a))

(internal quotations omitted).  "Because satisfying the [L]istings yields an automatic determination

of disability . . . the evidentiary standards [at Step Three] . . . are more strenuous than for claims

that proceed through the entire five-step evaluation." *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014). To meet the standard required for proving disability based upon a Listing, the "claimant must point to specific evidence that demonstrates he [or she] reasonably could meet or equal every requirement of the [L]isting." *Smith–Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014) (citations omitted).

In this case, Plaintiff argues that he meets or equals the requirements of Listing § 1.02A, which provides as follows:

> 1.02 Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (*e.g.,* subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (*i.e.,* hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.02A. The ALJ found that Plaintiff did not meet this Listing's requirements because "[t]here is no evidence of . . . the inability to ambulate effectively." PageID 57.

With regard to effective ambulation, Listing §1.00B2b2 states:

> To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.00B2b2. On appeal, Plaintiff points to evidence regarding his inability to effectively ambulate, namely the opinion of his treating physician Dr.

Crankshaw, who opined, *inter alia*, that because of pain in Plaintiff's left knee and leg, he cannot "walk a block at a reasonable pace on rough or uneven surfaces" or "climb a few steps at a reasonable pace with the use of a single hand rail[.]"  PageID 392.

Objective imaging findings of record appear to support Dr. Crankshaw's opinion as they relate to Plaintiff's left leg impairments and the limitations arising therefrom, such as x-rays of the left knee showing joint space narrowing indicative of tricompartmental degenerative osteoarthritis; a lateral femoral condylar osteophyte; subchondral sclerosis; and osteopenia.  PageID 398.  Clinical examination findings also appear to further support Dr. Crankshaw's opinion, such as left knee swelling; lateral pain; a limited range of motion; and tenderness over the left leg.  PageID 335, 337, 339, 342, 558.  Finally, examining physician William Smith, M.D. -- after reviewing the aforementioned x-ray findings and noting that Plaintiff displays an unsteady tandem gait, cannot stand alone or raise up on his left foot, and has a reduced range of motion in his left ankle -- opined that Plaintiff's ability to walk "need[s] to be limited to brief periods of time because of this left leg and ankle."  PageID 396-97.  Accordingly, contrary to the ALJ's finding, the record is not devoid of "evidence of [Plaintiff's]. . . inability to ambulate effectively."  Therefore, his statement in this regard, PageID 57 when considering Listing § 1.02 at Step Three, is unsupported by substantial evidence.

The ALJ also addressed Plaintiff's ability to ambulate effectively when weighing Dr. Crankshaw's treating opinion, an opinion the ALJ found "not entitled to controlling weight" and deserving of only "little weight."  PageID 59.  Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]"  *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013).  Under these regulations, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture

6

of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).

With regard to Dr. Crankshaw's treating opinion concerning Plaintiff's inability to ambulate effectively, the ALJ declined to afford it controlling weight, and instead assigned it little weight, because treatment notes "indicate a claimant who ambulates well, without assistance, and with normal gait and station." PageID 59. Initially, the undersigned notes that the records cited by the ALJ do not state that Plaintiff ambulates well -- only that he ambulated independently on physical examination. *See, e.g.*, PageID 348. An ability to ambulate independently is not dispositive of the effective ambulation. *See Kooser v. Comm'r of Soc. Sec.*, No. 3:15-CV-246, 2016 WL 4086982, at *4 (S.D. Ohio Aug. 2, 2016), *report and recommendation adopted sub nom. Kooser v. Colvin*, No. 3:15-CV-246, 2016 WL 4989945 (S.D. Ohio Sept. 16, 2016) (finding that lack of an assistive device for walking is not dispositive of effective ambulation).

In fact, as specifically noted in the Listings, "[t]he ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective

7

ambulation[.]" 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.00B2b2. If the ability to walk independently in one's home is not, itself, indicative of effective ambulation, the undersigned sees no reason why the ability to ambulate independently in an examination room would be sufficient. Thus, the undersigned concludes that the mere fact Plaintiff ambulated independently on examination is not substantial evidence upon which an ALJ can conclude that Plaintiff can ambulate effectively, *i.e.*, "walk a block at a reasonable pace on rough or uneven surfaces"; or "climb a few steps at a reasonable pace with the use of a single hand rail[.]" PageID 392. *See also* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.00B2b2; *Moss v. Astrue*, 555 F.3d 556, 563 (7th Cir. 2009) (finding reversible error where "the ALJ failed to adequately consider whether [plaintiff] in fact meets the [L]isting based on the provided examples such as an inability to walk a block at a reasonable pace on rough or uneven surfaces").

With regard to treatment records showing Plaintiff displayed a normal gait and station during some physical examinations, the undersigned first finds it appropriate to note that the record also contains findings showing that, on other occasions, Plaintiff presented with an unsteady or abnormal gait during exam. *See* PageID 396, 558. Nevertheless, in light of all the foregoing abnormal imaging and clinical findings of record, it is unclear to the undersigned how Plaintiff appearing with a normal gait and station on occasion undermines Dr. Crankshaw's opinion that Plaintiff cannot "walk a block at a reasonable pace on rough or uneven surfaces" or "climb a few steps at a reasonable pace with the use of a single hand rail[.]" PageID 392.

Based on all of the foregoing, the undersigned finds the ALJ's reasoning -- regarding Listing § 1.02 and the weighing of Dr. Crankshaw's opinion regarding Plaintiff's ability to ambulate effectively -- is unsupported by substantial evidence. The ALJ's non-disability finding therefore merits reversal. While the record appears to contain substantial evidence that Plaintiff is

unable to ambulate effectively, a remand is nevertheless required for a determination of whether Plaintiff meets or equals the other requirements of Listing § 1.02.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

Here, as noted, remand is appropriate for reconsideration of whether or not Plaintiff meets or equals a Listing based upon the evidence of record, including the opinion of Dr. Crankshaw and objective imaging and clinical findings. On remand, the ALJ should conduct a full analysis of the Listings and otherwise assess Plaintiff's disability status anew.

## V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the ALJ's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.


Date:   June 18, 2020                                  s/ Michael J. Newman
                                                        Michael J. Newman
                                                        United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** per Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** per Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).